UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 07-297(1)) (DWF/JSM) |
| Plaintiff, | |
| v. | **ORDER AND MEMORANDUM REGARDING MOTION FOR REDUCTION OF SENTENCE UNDER TITLE 18 § 3582(C)(2)** |
| Marquise Laguan Bowie, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Court on Defendant Marquise Laguan Bowie's ("Defendant") motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 and the new sentencing guidelines' applicable to drug offenses. (Doc. No. 869.) Specifically, the Defendant seeks an order reducing his sentence from 175 months to 144 months. The Government does not oppose Defendant's motion to the extent that he seeks a reduction to 168 months, but it opposes his request for a sentence for less than 168 months. (Doc. No. 872.)

## BACKGROUND

On August 22, 2007, the Defendant and eleven other co-defendants were charged in a 40-count Indictment in the District of Minnesota with Conspiracy to Distribute and Possess with Intent to Distribute 50 grams or more of cocaine base from at least 1990 through August 2007, in violation of 21 U.S.C. §§ 841(a)(1), 8421(b)(1)(A), and 846.

On February 1, 2008, the Defendant pled guilty to Count 1 of the Indictment which charged him with Conspiracy to Distribute Crack. Eight of the co-defendants pled guilty to Count 1.[1] Defendant faced a mandatory minimum sentence of 120 months. On March 12, 2009, the Court sentenced Defendant to a term of imprisonment of 175 months, followed by 5 years of supervised release. The sentence of 175 months was based on a departure of 24 months pursuant to § 5K2.23 (Discharged Terms of Imprisonment), and an additional 11 months to account for Defendant's pretrial custody in the Sherburne County Jail, to reflect the nature, circumstances, seriousness of the offense, in addition to affording adequate general deterrence and to avoid any unwarranted sentencing disparities. Defendant appealed his sentence, challenging his conviction and sentence, and the Eighth Circuit affirmed. *United States v. Bowie*, 618 F.3d 802 (8th Cir. 2010), *cert. denied*, 131 S. Ct. 954 (2011). According to the Bureau of Prisons, Defendant's projected release date is July 5, 2020. The Court's starting point at the time of sentencing was 210 months, the bottom of the advisory guideline range.

On January 24, 2012, the Defendant filed a *pro se* letter asking for a sentence reduction, based on the 2010 amendments to the crack cocaine guidelines. The Court appointed counsel to represent the Defendant, and a second motion for sentence reduction was filed on his behalf. The Court denied the motion, finding the Defendant was

---

[1] On September 5, 2008, the only co-defendant to go to trial, Joe Darrell Edwards, Jr., was convicted after a bench trial on Counts 1 and 2 of the indictment.

2

ineligible for a reduction pursuant to 18 U.S.C. § 3582(c) because his guideline range had not been reduced. The Defendant did not appeal the Court's order.

On March 12, 2015, the Defendant filed another *pro se* motion for a sentence reduction based on the 2014 amendments to the sentencing guidelines for drug offenses. Counsel was again appointed for the Defendant by the Court, and the Defendant filed a second motion for a sentence reduction on October 16, 2015.

The Defendant recognizes his amended guideline range has been reduced from 210 to 262 months to 168 to 210 months. Moreover, the Court would suggest, as observed by the Government, that the Defendant recognizes that the "general language" of Guideline Section 1B1.10(b)(2) prohibits a sentence reduction below the bottom of the amended guideline range, in this case, 168 months. The Defendant nonetheless asserts, as did his co-defendant, Maurice Jabbar White, Crim. No. 07-297(1) (DWF/JSM), that this Court must still reduce the sentence to 144 months, giving credit for 24 months below the bottom of the amended guideline range as credit for time served pursuant to § 5K2.23 in recognition of the time that the Defendant already served on cases that were inseparable from the federal case. (Doc. No. 535, Sentencing Transcript 3-5, 58.)

Both parties agree that pursuant to Amendment 782 of the United States Sentencing Guidelines, the Sentencing Commission has reduced the applicable guideline range for drug cases. Under those guidelines, the Defendant's guideline range, as noted above, is 168 to 210 months. The Defendant is now before the Court asserting that the Court should consider the unique circumstances of his case and reduce the sentence an

3

additional 24 months for time already served that the Bureau of Prisons refused to honor. The Government opposes that aspect of the Defendant's motion, asserting that the Court is without authority to do so and that the Court should only reduce the sentence to 168 months.

## DISCUSSION

Pursuant to 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The exception of subsection (c)(2), as observed by both parties, for sentencing ranges which have been lowered by the Sentencing Commission, allows this Court to reduce the Defendant's sentence to the bottom of his amendment guideline range, namely, 168 months. It is at this juncture that the parties part company. The Government asserts that any further reduction would violate 18 U.S.C. § 3582(c) because it would contradict the policy statement of the Sentencing Commission set forth in U.S.S.G. § 1B1.10(b)(2)(A). Specifically, the Sentencing Commission limited any sentencing reductions under U.S.S.G. § 1B1.0 and 18 U.S.C. § 3582(c)(2) to the bottom of the amended guideline range unless the downward departure motion by the Government was

previously granted based on the Defendant's substantial assistance to the Government. Section 1B1.10(b)(2) provides, in relevant part, as follows:

> (2) Limitations and Prohibition on Extent of Reduction.--
>
> (A) Limitation.–Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.
>
> (B) Exception for Substantial Assistance.–If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

U.S.S.G. § 1B1.10(b)(2)(A)-(B).  Consequently, there appears to be one single exception for imposing a sentence that is less than the minimum of the amended guideline range, and that exception is the cooperating defendant.

However, the Defendant asserts that, given the unique circumstances of this case, the Court should reduce his sentence to 144 months.  Specifically, the Defendant asserts that just as the Court gave him "credit" for the 24 months of already served time that the Bureau of Prisons will not "credit" him for by reducing his sentence to 144 months from 168 months, the Court should now reduce his sentence from the 168-month bottom of the range sentence to 144 months.

5

The Defendant acknowledges that the Sentencing Commission concluded that downward departures and variances given at a defendant's original sentencing should not be recreated in determining a sentence reduction pursuant to § 3582(c) and the new guidelines for crack cases. *See* U.S.S.G. § 1B1.10. The defense also acknowledges that an exception was carved out to this prohibition for downward departures if it was based upon cooperation, as noted above. However, the Defendant is before this Court asserting that "credit" can and should be given, pursuant to U.S.S.G. § 5K2.23, for time the Defendant already served in a discharged term of imprisonment because it presents a unique exception to the rule and would authorize and permit a sentence of 144 months.

There is no dispute that the Bureau of Prisons will not give "credit" against a federal sentence for a previously served sentence even if two cases are fully intertwined and even in the case of an explicit court order mandating that such "credit" should be granted. Consequently, the defense argues that if all parties know that, then there is no mechanism left for granting that "credit" other than reducing the federal sentence pursuant to U.S.S.G. § 5K2.23, as the Court did in this case at the time of sentencing. The Defendant asserts that such an adjustment is not and was not a departure or variance in the "traditional sense." Instead, the defense argues that it is a calculation of proper "credit" for time served that the Bureau of Prisons will not grant. Consequently, the Defendant asserts that this unique circumstance presents an exception to the general language of U.S.S.G. § 1B1.10.

In so asserting, the defense has cited to *United States v. Malloy*, 845 F. Supp. 2d 475 (N.D.N.Y. 2012).  It is true that the district court judge in *Malloy* rejected the argument that a downward reduction, pursuant to U.S.S.G. § 5K2.23, cannot be granted in a § 3582(c) resentencing.

> Thus, when considered in conjunction with its application note, § 1B1.10(b)(2) is unambiguous; it bars a reduction, whether by departure or variance, that imposes a term of imprisonment below the minimum of the amended guideline range.  It does not, however, address a situation, such as this one, where the defendant was given credit for relevant conduct.

*Malloy*, 545 F. Supp. 2d at 482.

In the same vein, the Defendant respectfully requests that this Court resentence him to 144 months, with all other conditions remaining the same, because it would be a fair recognition that the Defendant was given "credit" for relevant conduct for prison time already served; in this case, 24 months.

The Government opposes in all respects this analysis by the Defendant.  The Government correctly observes that the Defendant has recast or reclassified the Court's downward departure pursuant to U.S.S.G. § 5K2.23 as a "credit," not a departure. Moreover, it is accurately observed by the Government that the defense has referred to the 24-month reduction as an "adjustment," and, therefore, not a departure or variance in the "traditional sense."  Simply put, the Government asserts that the Court's departure was a departure.  However, the Government also asserts that even if the Court had referred to the departure as a "downward credit," the below guideline sentence would nonetheless be either a variance or departure pursuant to 18 U.S.C. § 3582(c)(2) and

U.S.S.G. § 1B1.10.  U.S.S.G. § 1B1.1 defines a departure as "any sentence above or below the applicable guideline range which is based on a provision of the sentencing guidelines."

As noted above, there is no question that once a sentence has been imposed, a district court may not modify the sentence except as permitted in 18 U.S.C. § 3582(c).  As the Eighth Circuit observed in *United States v. Harris*, 688 F.3d 950, 952 (8th Cir. 2012), "a district court may lower a defendant's sentence below the amended guidelines range only if the original sentence was below the original guidelines range because the defendant provided substantial assistance to the government."

The Government has set forth a number of cases, not only in the Eighth Circuit, but across the country, where the only exception allowed to the prohibition set forth in U.S.S.G. § 1B1.10(b)(2)(A) was for substantial assistance motions.

The Court has carefully reviewed the record before the Court, including the *Malloy* opinion cited by the defense.  The Court also understands what caused the court in *Malloy* to do what it did, namely, reaching a fair and just result or, in the words of the district court judge:  "To deny the credit in Mr. Malloy's case 'would be, simply put, inequitable.'"  In *Malloy*, the court felt that, given the unique facts of the case, that justice required the court to make a distinction between a departure or variance and credit for time served.  In making that distinction, the court concluded that it had the authority to reduce Mr. Malloy's sentence below the newly applicable guideline range because of the

sentence that he had already served and that the Bureau of Prisons would decline to credit. *Id.* at 483-485.

The Court concludes, as the Court did in *United States v. Shows*, 2015 WL 2341031 (E.D. Tenn. May 14, 2015), that it is statutorily bound by 18 U.S.C. § 3582 and therefore without authorization or jurisdiction to impose a reduced sentence inconsistent with applicable policy statements issued by the Sentencing Commission such as U.S.S.G. § 1B1.10. For these reasons, the Court will respectfully deny the Defendant's motion and impose a sentence of 168 months.

However, while the Court concludes that it has followed the law, that is not tantamount to stating that it has reached a fair and just decision. Frankly speaking, the Court does not believe that 18 U.S.C. § 3582 or U.S.S.G. § 1B1.1 contemplated a situation, like the one before the Court, where the Defendant was given "credit" for relevant conduct. The Court is not convinced that it has reached a fair and just result, even though it has followed the law in this unique circumstance.

## CONCLUSION

Based upon the presentations and submissions of the parties, the Court having carefully reviewed the entire record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Defendant Marquise Laguan Bowie's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and the new sentencing guidelines applicable to drug offenses (Doc. No. [869]) is respectfully **GRANTED IN PART and DENIED IN PART** as follows:

　　a.　　Defendant is eligible for a sentence reduction from 175 months to 168 months and, to that extent, the Court has granted the Defendant's motion.

　　b.　　To the extent that the Defendant has requested an additional 24-month credit for a reduction to 144 months, that motion request is respectfully denied by the Court.

Dated:  February 19, 2016　　　　s/Donovan W. Frank
　　　　　　　　　　　　　　　　DONOVAN W. FRANK
　　　　　　　　　　　　　　　　United States District Judge