# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 07-297 (DWF/JSM) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Marquise Laguan Bowie, | |
| Defendant. | |

---

Marquise Laguan Bowie, Defendant, *Pro Se*.

Michael L. Cheever, Assistant United States Attorney, United States Attorney's Office, counsel for the Government.

---

# INTRODUCTION

This matter is before the Court on Defendant Marquise Laguan Bowie's ("Defendant") motion for a sentence reduction pursuant to Section 102 of the First Step Act. (Doc. No. 1038.) The United States of America (the "Government") opposes Defendant's motion. (Doc. No. 1046.)

Defendant requests that the Court reduce his sentence to reflect the full amount of good time credit he has earned when calculated under the method provided for under the First Step Act. The Government argues that Defendant's motion is without merit because the Court does not have jurisdiction over the execution of his sentence or the calculation of good conduct time.

For the reasons set forth below, the Court respectfully denies Defendant's motion.

## BACKGROUND

The factual background and procedural history in this matter are more fully set forth in the Court's Order dated February 19, 2016, granting in part and denying in part Defendant's previous motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(2), and are incorporated herein by reference. (Doc. No. 886.)

Relevant here, Defendant now moves for a reduction in sentence pursuant to Section 102 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) ("FSA"), arguing that Congress intended to make the provision effective immediately but "inadvertently" drafted the FSA in a manner that prevented immediate implementation. (Doc. No. 1038 at 1-2.) Defendant notes that he has no negative behavioral incidents in prison, has been incarcerated for more than eleven years, and hopes to rejoin his family so that he can strengthen his bonds with his children and comfort family members as they mourn the recent death of Defendant's mother. (*Id.* at 2-3.) Defendant also submitted exhibits in support of his legal arguments and to show that he has made substantial progress during his incarceration through his work assignment, good behavior, and completion of extensive programming and treatment going back to 2009.[1] (Doc.

---

[1] Defendant's filing includes a copy of an email from the president of Families Against Mandatory Minimums (FAMM) explaining several provisions of the First Step Act in general terms. (Doc. No. 1039 at 1.) The Court values this submission to the extent that it shows Defendant has made efforts to research and support his legal arguments, but notes that this document does not cite any caselaw to support the contention that a sentence should be reduced by a court to reflect a revised amount of good conduct time, and further, that the email advises that one Oregon case in which a

No. 1039.) Defendant acknowledges the crimes of his past but reminds the Court that "those things don't define who [he is] as a man," and asks for credit for time that he has already served. (Doc. No. 1052 at 1.)

The Government opposes Defendant's motion, arguing that a motion challenging the execution of a sentence is properly brought as a petition under 28 U.S.C. § 2241 in the district where a prisoner is incarcerated, therefore the Court does not have jurisdiction. (Doc. No. 1046 at 1.) Moreover, Defendant relies upon changes under the FSA that had yet to take effect at the time his motion was filed, making the motion premature. (*Id.*)

Defendant was serving his term of imprisonment at a federal facility in Yankton, South Dakota with a projected release date of January 1, 2020 at the time his motion was filed. (*Id.* at 3.) However, a more recent check of Defendant's status shows that he was released from custody on September 25, 2019.[2]

## DISCUSSION

### I. First Step Act of 2018

The First Step Act clarified the method to be used in calculating a prisoner's good conduct time (GCT) under 18 U.S.C. § 3624(b)(1), directing that under the amended

---

court ordered retroactive application of the new method is an outlier and contradicts the position of most courts and the Department of Justice. (*See id.*)

[2] Inmate Locator, *Find an inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Nov. 25, 2019) ("Inmate Locator"). Defendant's probation officer has apprised the Court that Defendant was first placed in a residential reentry center but is now living elsewhere.

3

statute a prisoner "may receive credit toward the service of the prisoner's sentence of up to 54 days for each year of prisoner's sentence imposed by the court." FSA § 102(b)(1)(A)(i). While the previous wording of the statute likewise authorized the reduction of a term of imprisonment by as many as 54 days for every year served as a reward for good behavior, the calculation method employed by the Bureau of Prisons ("BOP") resulted in GCT of roughly 47 days per year. *Barber v. Thomas*, 560 U.S. 474, 479 (2010). This change to the calculation of GCT took effect on July 19, 2019, with the publication of the Risk and Needs Assessment System. FSA § 102(b)(2); U.S. Dept. of Justice, *The First Step Act of 2018: Risk and Needs Assessment System* (July 19, 2019) (avail. at https://www.nij.gov/documents/the-first-step-act-of-2018-risk-and-needs-assessment-system.pdf). Pursuant to the FSA, the BOP is reviewing and recalculating sentences to reflect changes to prisoners' GCT. (*See* Inmate Locator.) As evidenced by his release, the BOP awarded Defendant his revised GCT, meaning that he has received the relief he sought through this motion.

## II. Mootness

The Court is not aware of any precedent directly addressing the issue of whether a prisoner's motion for recalculation of GCT under the FSA is mooted by his or her release, but finds that there is caselaw that offers valuable analysis and helpful guidance on general principles related to motions for the release of a prisoner.

Under Article III of the Constitution, a justiciable case or controversy must exist at all stages of review, "not merely at the time the complaint is filed." *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011) (internal citations and quotations omitted). In a

criminal case, a defendant who wishes to continue to appeal after the expiration of a sentence must suffer some continuing injury or collateral consequence. *Id.* When a defendant challenges his or her underlying conviction, collateral consequences are presumed to exist, but this presumption does not apply when a defendant is only challenging an expired sentence. *Id.*; *see also Lane v. Williams*, 455 U.S. 624, 631 (1982) (distinguishing correction of a sentence already served from nullification of conviction). When the issues presented in a case "lose their life" in the course of litigation due to the passage of time or a change in circumstances so that a federal court can no longer grant effective relief, the case is moot. *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (internal citations and quotations omitted). There is no ongoing case or controversy when a petitioner has obtained all of the relief that he sought. *Owen v. United States*, 930 F.3d 989, 990 (8th Cir. 2019).

Applying this reasoning to Defendant's situation, the Court finds that Defendant's motion is moot. The Court notes that Defendant did not request consideration on any other aspect of his sentence, and further notes that his term of supervised release is unaffected by the calculation of his GCT, which applies to his term of imprisonment only. A term of supervised release does not run while an individual remains in the custody of the BOP, rather it follows imprisonment, "commenc[ing] on the day the person is released from imprisonment" after being released "to the supervision of a probation officer." *United States v. Johnson*, 529 U.S. 53 at 57 (2000) (citing 18 U.S.C. § 3624(e)). Even if Defendant were still due additional GCT, credit for more time in prison would have no effect on his term of supervised release. *Id.* at 59; *James v.*

5

*Outlaw*, 142 F. App'x 274 (8th Cir. 2005). No live controversy remains because "[t]hrough the mere passage of time," Defendant has obtained relief. *Williams*, 455 U.S. at 633.

## CONCLUSION

The Court finds that Defendant's GCT was revised according to statute as amended by the First Step Act, resulting in his release and rendering his motion moot. No further argument or hearing is needed. Based upon the submissions of the parties, the Court having once more carefully reviewed the record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Marquise Laguan Bowie's Motion to Reduce Sentence Pursuant to Section 102 of the First Step Act (Doc. No. [1038]) is **DENIED AS MOOT**; and

2. All other aspects of Defendant's sentence shall remain as originally imposed.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: December 2, 2019
                s/Donovan W. Frank
                DONOVAN W. FRANK
                United States District Judge